**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Gurjot Singh,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-02036-PHX-MTL (MTM)

**ORDER**

This is a habeas corpus action under 28 U.S.C. § 2241. The relevant facts are as follows. Petitioner is a native and citizen of India who entered the United States on an F-1 student visa in August 2023. (Doc. 1 ¶ 4.) Petitioner was arrested on February 14, 2026, without a pre-deprivation hearing. (*Id.* ¶ 5.) Rather, Petitioner received a bond hearing on March 3, 2026 after he was detained. (*Id.* ¶ 24.)

In his reply, Petitioner reaffirms his challenge to his detention without being provided a pre-deprivation hearing. (Doc. 8 at 2.) That argument lacks merit. In *Singh v. Unknown Party*, 2026 WL 1839137 (D. Ariz. 2026), another Judge in this District recently addressed whether an alien is entitled to a pre-deprivation hearing before being detained. The court concluded there is no constitutional right to such a hearing, in part because “there is no statute or regulation that entitles [an alien] to a pre-deprivation hearing before he may be detained following his release from immigration custody” and in part because “[t]he risk of an erroneous deprivation is . . . undermined by the fact that the regulations allow a noncitizen to appeal the revocation of bond and re-detention to an immigration judge, and,

if requested, to the BIA. . . . These subsequent procedures serve to ensure that the Government's decision to revoke a noncitizen's bond is not arbitrary or capricious . . . and does not pose a substantial risk of erroneous deprivation." *Id.* at *2-4 (cleaned up). Here, similarly, Petitioner has not identified any statute or regulation that entitles him to a pre-deprivation hearing in this circumstance. Moreover, Petitioner received a prompt post-detention bond hearing.

To the extent Petitioner challenges the legal standard employed by the Immigration Judge at his bond hearing, that claim also fails. While Respondents are correct that an Immigration Judge's discretionary bond determination is typically not reviewable in federal court, *see* 8 U.S.C. § 1226(e), that provision does not bar habeas review of constitutional claims or questions of law. *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024). Petitioner's allegations, however, attack not the legal standard but the Immigration Judge's weighing of the evidence, a discretionary determination this Court may not review. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[D]iscretionary decisions granting or denying bond are not subject to judicial review."). Petitioner therefore does not provide a cognizable basis to disturb the Immigration Judge's bond determination.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. This action is dismissed, all pending motions are denied as moot, and the Clerk of Court must enter judgment accordingly.

Dated this 6th day of October, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge